UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CANDICE BAIRD, et al.,

    Plaintiffs,

vs.

ZIVA AALIYAH AMMIYHUWD, et al.,

    Defendants.

Case No. 1:16-cv-1152

Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on defendants' responses to the Court's Deficiency Order of December 20, 2016. (Docs. 3, 5).

Defendants Ziva Aaliyah Ammiyhuwd and Achashverosh Adnah Ammiyhuwd filed a motion to proceed *in forma pauperis* in connection with a petition for removal of a state court proceeding pending in the Hamilton County, Ohio Juvenile Court. (Doc. 1). Defendants state they are removing this action in "Propria Persona, proceeding Sui Juris, Hebrew Israelite of the Holy Bible, American Dual National born in the several states of the union republics of North America, domicile in the Kingdom of Heaven on Earth, appearing specially, not submitting to any Court's jurisdiction, through, the various jurisdiction of this District Court of the United States provided under at least sovereign immunity pursuant to Common Law. . . ." (Doc. 4 at 2-3). Defendants appear to seek an order from this federal court enjoining the proceedings of the state juvenile court in connection with child custody proceedings. (Doc. 1; Doc. 4, amended notice of removal).

On December 20, 2016, the Court ordered defendant Ziva Aaliyah Ammiyhuwd to submit financial information regarding her application to proceed *in forma pauperis* or pay the filing fee of $400.00. (Doc. 2). The Court advised defendant that without any information about

defendant's assets and debts, the Court is unable to determine whether defendant's income and assets are insufficient to provide herself and her family with the necessities of life and still have sufficient funds to pay the full filing fee of $400.00 in order to institute this action. *See Adkins v. E.I. DuPont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). Defendant Achashverosh Adnah Ammiyhuwd was ordered to submit an application to proceed *in forma pauperis* or pay the filing fee of $400.00. (Doc. 2). Defendants were warned their petition for removal will not be deemed "filed" until the appropriate filing fee of $400.00 is paid or they are granted leave to proceed *in forma pauperis*. *See Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). Defendants were further warned that their failure to pay the filing fee or submit completed applications to proceed *in forma pauperis* within thirty (30) days would result in the closing of this matter. (Doc. 2).

In response to the Court's Order, defendants neither paid the filing fee nor submitted completed *in forma pauperis* applications. Instead, defendants now argue they do not seek to proceed *in forma pauperis*, but seek to "discharge" the $400.00 filing fee:

> Ziva Aaliyah Ammiyhuwd et al, pursuant to *Hale v. Henkel*, 201 U.S. 43 at 47 (1906), hereby gives notice seeking not to proceed *in forma pauperis* in this action but rather respectfully seek to discharge any and all full filing fees of $400.00 each, pursuant to PRIVATE **NON**-PUBLIC COMMUNICATION Foreign Bill of Exchange(s) (Invoice No. 101 and Invoice No. 102) affidavit(s) and accepted for value and return for value Magistrate Litkovitz's "Deficiency Order" to institute this action pursuant to U.S. Constitution, 1789, Article 1, Section 10, Uniform Commercial Code (UCC) 3-104, UCC § 3-603, USC TITLE 12 > CHAPTER 3 > SUBCHAPTER IX> § 343; Titles 8 U.S.C. § § 1101(a) (14) (21); 18 U.S.C. § 112; 26 U.S.C. 892; 26 U.S.C. 7701(b) (1) (B); UCC 1-308 / 1-207; and UCC 1-103.6, and files amended notice of removal adding State actor, Tanya Roberts as Respondent/Plaintiff in error, adding son(s) J.B./Z.K.A. and J.B./Z.N.A to heading, with reinstatement of previous filings, filed with original notice of removal pursuant to Common Law, United States Constitution, Commerce Clause and the Uniform Commercial Code better known as the UCC.

2

(Doc. 3 at 4). Defendants allege they are "Sovereign Petitioner(s) as nonresident Hebrew Israelite alien, Chief Diplomat and Diplomat foreign nationals" and "pursuant to the "PRIVATE NONPUBLIC COMMUNICATION Foreign Bill of Exchange(s) affidavit(s) with Magistrate Litkovitz's accepted for value and return for value 'Deficiency Order' (Invoice No. 101 and Invoice No. 102), seek to discharge the $400.00 debt(s) in order to institute this action. . . ." (Doc. 3 at 9-10). In lieu of proper *in forma pauperis* applications, defendants submit a document entitled "Promissory Note" in the amount of $300,000.00 issued from the "Indiana Republic USA" and tendered pursuant to "the Negotiable Instrument Act, 1881," in which defendant Achashverosh Adnah Ammiyhuwd purportedly promises to pay the Clerk of Court the full amount of the filing fees. (Doc. 5, Ex. 1).

The Court recommends that this matter be closed on the docket of the Court based on defendants' failure to pay the full filing fee of $400.00 or submit duly completed *in forma pauperis* forms with the necessary financial information in accordance with the Court's Order of December 20, 2016. Defendants allege that under the Uniform Commercial Code and other inapplicable statutes and case law they are not required to pay any filing fees for this removal action. Defendants' arguments appear to follow those made by litigants in the "sovereign citizens" movement "who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *White v. Tennessee*, No. 2:14-cv-115, 2014 WL 3908203, at *4 (E.D. Tenn. Aug. 11, 2014) (quoting *United States v. Ulloa,* 51 F. App'x 105, 106 n. 1 (2d Cir. 2013)). *See also Gravatt v. United States,* 100 Fed. Cl. 279 (2011) ("so-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings."). As recently noted by another court:

> Plaintiff appears to be relying on a "sovereign citizen" theory to challenge the Court's filing fee, which has been unsuccessfully propounded by others. This legal theory seems to have originated in the context of tax protests, and is generally advanced to challenge state and federal laws and judgments. The theory (in all of its various forms) has been struck down consistently by the courts. *See United States v. Sloan,* 939 F.2d 499 (7th Cir. 1991) (concluding that plaintiff's argument that he was a citizen of the state of Indiana, but not a citizen of the United States and therefore not subject to its laws was "simply wrong"); *United States v. Jagim,* 978 F.2d 1032, 1036 (8th Cir. 1992) (concluding that defendant's argument that he was a citizen of the "Republic of Idaho" and not a U.S. citizen and therefore outside the jurisdiction of the United States was "completely without merit" and "patently frivolous"); *U.S. v. Delatorre,* 2008 WL 312647, at *2 (N.D. Ill. 2008) ("This Court's jurisdiction over Mr. Delatorre remains valid whether his name is written in all capital letters or a mix of capital and lower case letters, or whether he identifies himself as: a 'real flesh and blood man, in his private capacity,' a 'sovereign secured party creditor;' a debtor; the 'authorized representative of the corporate fiction-entity/debtor identified, as Fernando Delatorre,' or 'third party intervenor on behalf of Defendant/Debtor Fernando Delatorre.' Mr. Delatorre's Uniform Commercial Code ('UCC'), copyright, and trademark filings do not change this fact.").

*Rice v. City of Boise City,* No. 1:13-cv-00441, 2013 WL 6385657, at *2 (D. Idaho Dec. 6, 2013).

*See also El-Bey v. City of Greensboro,* No. 1:10-cv-291, 2010 WL 3242193, at *1 (M.D.N.C. Aug. 16, 2010), *report and recommendation adopted as modified,* 2011 WL 255719 (M.D.N.C. Jan. 25, 2011) ("Plaintiff is among a group of individuals, sometimes referred to as 'sovereign citizens,' who claim to be immune from all state and federal laws by virtue of their supposed identities as descendants of indigenous peoples and for other equally absurd reasons. By now, the path of these litigants is well-traveled, and courts have repeatedly rejected their claims as frivolous.").

There is simply no basis in law for "discharging" the $400.00 filing fee as defendants request. A litigant must either pay the filing fee, 28 U.S.C. § 1914(a), or submit an *in forma pauperis* application which includes the requested financial information, 28 U.S.C. § 1915(a). *See Floyd v. U.S. Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997) (failure to file affidavit which includes all assets possessed by individual "mandates that the pauper request be denied"),

4

*overruled in part on other grounds, Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999).

Defendants have done neither.

Accordingly, **IT IS HEREBY RECOMMENDED** that this matter be **CLOSED** on the docket of the Court.

Date: 1/31/2017

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CANDICE BAIRD, et al.,
    Plaintiffs,

vs.

ZIVA AALIYAH AMMIYHUWD, et al.,
    Defendants.

Case No. 1:16-cv-1152
Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).