**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

*Candice Baird, et al.*,

               Plaintiffs,                       Case No. 1:16cv01152

               v.                           Judge Michael R. Barrett

*Ammiyhuwd, et al.*,

               Defendants.

## ORDER

This matter is before the Court upon the Magistrate Judge's January 31, 2017 Report and Recommendation ("R&R"). (Doc. 6). The Magistrate Judge reviewed Defendants' responses to the Court's December 20, 2016 Deficiency Order. (Docs. 3, 5). The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that failure to make objections to the R&R in a timely manner would result in a forfeiture of their rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Defendant, Achashverosh Adnah Ammiyhuwd, filed an Objection to the R&R. (Doc. 7). Defendant has also filed a Letter titled "re: Affidavit and UCC 1 of Oscar Washington" (Doc. 8), a "Notice of Non-Response/Fault #1" (Doc. 9), and a "Notice of Letter to Clerk of Courts" (Doc. 10).

The Magistrate Judge recommends that this matter be closed on the docket of the Court.

The Court turns to the Magistrate Judge's R&R. (Doc. 6). The Magistrate Judge explains that there is simply no basis for "discharging" the $400.00 filing fee as Defendants' request. The Magistrate Judge further explains Defendants' petition for

removal cannot be filed with the Court until the $400.00 filing fee is paid or an application to proceed *in forma pauperis* is filed.

## I.    BACKGROUND

Defendants filed a motion to proceed *in forma pauperis* in connection with a petition for removal of a state court proceeding pending in the Hamilton County Juvenile Court. (Doc. 1).

The Magistrate Judge's R&R provides a further description of the factual and procedural history of this case; therefore, the same will not be reiterated here except to address Defendants' objection. (Doc. 6).

## II.    ANALYSIS

### A. Standard of Review

When an objection is made the Magistrate Judge's Report, this Court "shall modify or set aside any portion of the magistrate judge's order where it has been shown that the order is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). When objections to a magistrate judge's Report are made, the district judge conducts a *de novo* review of the objected to portions and the district judge "may review any other aspects as the court sees fit." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

### B. Legal Standard

According to 28 U.S.C. § 1914(a), the clerk of each district court shall "require the parties instituting any civil action…to pay a filing fee." If a party cannot afford the

required fee, they may file an application to proceed *in forma pauperis* and the application must include "a statement of all assets." 28 U.S.C. § 1915(a). If the Court does not have information regarding a party's assets, they cannot determine if the assets are insufficient to provide both for a party's necessities and pay the filing fee required by the court. *See Adkins v. E.I.DuPont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). Overall, parties only have two options (1) pay the filing fee or (2) proceed with an application *in forma pauperis*. *See Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).

### C. Defendants' Objection to R&R

In their objections to the Magistrate Judge's R&R, Defendants seem to state that the Magistrate Judge incorrectly referred to them as proceeding under a "sovereign citizen" theory instead of under a "Sovereign state national Republic" theory. (Doc. 7 PageID at 156). Defendants also argue that the Magistrate Judge "does not have a written instrument to back her…R&R." (Doc. 7 PageID at 164). However, as the Magistrate Judge stated, "the [sovereign citizen] theory (*in all its various forms*) has been struck down consistently by the courts." (emphasis added) (Doc. 6, PageID at 148) (citing *Rice v. City of Boise City*, No. 1:13-cv-00441, 2013 WL 6385657, at *2 (D. Idaho Dec. 6, 2013)).

Beyond this, the R&R provides a thorough analysis of the law in regards to individuals referring to themselves as "sovereign citizens," and similar theories. (Doc. 6). Defendants, here, appear to refer to themselves as "Sovereign state national Republic," which they allege is different from a "sovereign citizen," in hopes of "discharg[ing]" the filing fee. (Doc. 6). "Sovereign citizens" believe that the state and federal governments

lack constitutional legitimacy and therefore have no authority to regulate their behavior."
(Doc. 6). *White v. Tennessee*, No. 2:14-cv-115, 2014 WL 3908203, at *4 (E.D. Tenn.
Aug. 11, 2014). Similarly, Defendants here appear to believe they are not bound by the
decisions of Magistrate Judge Litkovitz because she "lacks authority." (Doc. 7, PageID
at 165).

Since the "sovereign citizen" theory argument appears to be analogous to the
Defendants' argument, the Defendants' argument lacks merit. The notion that a person
"is a 'sovereign citizen' and not subject to the laws of the United States has uniformly
been rejected by the courts as lacking any foundation in law." *Boyd v. United States*,
No. 1:16-cv-802, 2016 WL 8291222, at *4 (S.D. Ohio Aug. 24, 2016). In addition, the
Court in *United States v. Mundt* held that such an argument is "completely without merit
and patently frivolous." 29 F.3d 233, 237 (6th Cir. 1994). Further, Defendants alleges
that the Court does not have jurisdiction over him because he is of "foreign State
national Republic" status. (Doc. 7). However, "regardless of how a defendant wants to
classify their argument...he is subject to the laws of the United States." *United States v.
Leugers*, No. 1:16-cv-614, 2017 WL 393092, at *1 (S.D. Ohio Jan. 30, 2017).

Furthermore, Defendants allege they are not proceeding *pro se* in this action.
Instead, they instead wish to be designated as proceeding "sui juris." (Doc. 7, PageID at
156). However, "to the degree [a party] maintains that [they] are not a pro se litigant but
a 'sui juris' party, [their] position is facially deficient." *Abdullah v. New Jersey*, No. 12-
4202, 2012 WL 2916738, at *7 (D.N.J. July 16, 2012). A pro se litigant is one who is "on
one's own behalf;" however, "sui juris" means "of one's own laws." *Id.* Here, Defendants
are relying on various sections of the Uniform Commercial Code, statutes, and case

law; therefore, proceeding "sui juris" "underscores the invalidity of [Defendants'] legal position." *Id.*

Based on the foregoing reasons, there is no error in the Magistrate Judge's conclusion that Defendants' must either submit an application to proceed *in forma pauperis* with their assets included, 28 U.S.C. § 1915(a), or pay the filing fee required by the Court, 28 U.S.C. § 1914(a). Therefore, Defendants' objections to the Magistrate Judge's R&R are **OVERRULED**. Accordingly, the Magistrate Judge's R&R (Doc. 6) is **ADOPTED**. It is hereby **ORDERED** that this action be **CLOSED** on the docket of the Court for failing to either pay the required filing fee or proceed *in forma pauperis*.

**IT IS SO ORDERED**.

s/ Michael R. Barrett

JUDGE MICHAEL R. BARRETT